IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRIUMPH MOTORCYCLES (AMERICA) LTD.<br>    Plaintiff<br><br>v.<br><br>WORLDWIDE, INC., et al.,<br>    Defendants | :<br>:<br>:<br>: No. 1:13-cv-01903<br>:<br>: (Chief Judge Kane)<br>:<br>:<br>: |

**MEMORANDUM**

Plaintiff Triumph Motorcycles (America) Ltd. moves the Court to issue a temporary restraining order enjoining two previously-scheduled state administrative hearings of the Pennsylvania Board of Manufacturers, Dealers, and Salespersons scheduled for July 15 through July 18, 2013. (Doc. No. 2.) For the reasons that follow, the Court will deny the motion.

**I.  BACKGROUND**

Plaintiff Triumph Motorcycles (America) imports and distributes Triumph-brand motorcycles across the United States, and is licensed by the Commonwealth of Pennsylvania Board of Manufacturers, Dealers, and Salespersons as a distributor. (Doc. No. 5-1 at 3.) Plaintiff is the subject of ongoing proceedings before the Board pursuant to administrative complaints filed by two motorcycle dealers, who also sell Plaintiff's products. Plaintiff moved the Board to dismiss these complaints, which motion the Board granted in part without opinion. Plaintiff now seeks emergency relief in this Court pursuant to Federal Rule of Civil Procedure 65(b), and asks for an order enjoining the two administrative hearings of the Board at which it is scheduled to appear on July 15 through July 18, 2013. Plaintiff alleges that it is entitled to relief under 42 U.S.C. § 1983, claiming that a constitutional violation is imminent because its due

1

process rights will be violated if it is forced to appear before a board composed primarily of vehicle dealers.

## II. DISCUSSION

A plaintiff may move for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). The standard for granting a temporary restraining order consists of the same four-part inquiry used to evaluate whether the Court should issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the non-moving party; and (4) whether granting the preliminary relief will be in the public interest. United States v. Bell, 414 F.3d 474 (3d Cir. 2005). Although the Court must balance all four factors to determine whether it should order injunctive relief, as a practical matter, the movant must satisfy the first two factors or its motion will fail. Oburn v. Shapp, 521 F.2d 142, 147 (3d Cir. 1975). Indeed, the United States Court of Appeals for the Third Circuit has made clear that it "cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197 (3d Cir. 1990).

### A. Likelihood of success on the merits

The Court turns to the first prong, which requires that Plaintiff demonstrate that it is likely to succeed on the merits of its claims. Plaintiff argues that it is likely to succeed on the merits of its due process claim for several reasons: Plaintiff is unable to secure a fair tribunal, the Board's procedures do not provide fair process, and certain provisions of the Pennsylvania statute allegedly rendering Plaintiff's financing incentives program illegal are impermissibly vague and

2

violate the dormant commerce clause.

Plaintiff first argues that because the Board is primarily composed of dealers, it is not a fair tribunal. (Doc. No. 5-1 at 16.) Here, Plaintiff argues that the dealer members of the Board are "highly unlikely to be impartial," because they have an indirect financial interest in advancing the interests of individual dealers. (Id. at 17.) Plaintiff has not cited any concrete evidence apart from its suspicions that a board composed of dealers would be unlikely to rule in favor of a distributor. Plaintiff's support for its contention that it would be unable to secure a fair tribunal rests on the following: (1) only two Board members attended the hearing on its motion to dismiss, yet 15 members voted to deny the motion; and (2) the Board denied Triumph's request for an extension of time. (Id.) Next, Plaintiff argues that the Board's hearing procedures are unconstitutional for the following reasons: (1) Triumph will bear the burden of proof at the hearing and does not have notice concerning the issues it should present at the hearing; and (2) other dealers that might be impacted by the Board's rulings have not been noticed or given an opportunity to participate.

In addition to arguing that it would be unable to secure a fair tribunal and that the Board's hearing procedures are constitutionally infirm, Plaintiff also argues that it would likely succeed on the merits of its due process claim filed in this Court because Section 12(a)(1), Section 12(b)(12), and Section 12(b)(18) of the Act are unconstitutional as applied on the grounds that these provisions are impermissibly vague and unenforceable as applied. (Doc. No. 5-1 at 19-22.) This argument appears to rest on the fact that Plaintiff was not aware that its financing incentives program might be found to constitute "coercion" under § 12(a)(1), or that its incentives program might be found in violation of § 12(b)(1) as it was not a "reasonable" or "fair" allocation system.

Plaintiff also argues that it was not clear from the statute that it might not qualify for the safe harbor provision of § 12(b)(18). Plaintiff also contends these provisions violate the Dormant Commerce Clause as applied, because an adverse decision by the Board would have the practical effect of controlling Triumph's vehicle allocation and distribution system outside of Pennsylvania. (Id. at 21-22.)

On review of Plaintiff's brief, and after conducting a telephone hearing at which the Court heard arguments of Plaintiff, the Board, and the dealers who filed the administrative complaint against Plaintiff, the Court finds that Plaintiff is not likely to succeed on the merits of its due process claims. First, Plaintiff offers little in support of its claims that the board composition makes a fair hearing impossible. Plaintiff relies solely on the fact that the Board is made primarily up of dealers, not distributors, and therefore argues that the Board will necessarily rule against Plaintiff because it is a distributor. The Court is not persuaded by Plaintiff's suspicions. Neither does the Court find that Plaintiff has demonstrated that it will succeed on the merits of its due process claim because it bears the burden of proof at the violation hearing. Indeed, the fact that Plaintiff may present evidence at an adjudicative proceeding weighs in favor of fair process. Nor does the fact that other dealers have not been noticed or invited to participate in this administrative hearing – brought by two Triumph dealers – weigh in favor of finding success on the merits. Were the Court to accept that reasoning, any case potentially affecting more than the named individual parties would result in a deprivation of due process. The law does not stretch that far. Finally, the Court does not find Plaintiff's arguments that the cited provisions are unconstitutional because they are impermissibly vague and violate the dormant commerce clause to be persuasive. The fact that Plaintiff was unaware

4

that its program might violate certain provisions of Pennsylvania law does not mandate finding that Plaintiff would likely succeed in showing that the statute is impermissibly vague as applied. Nor does Plaintiff make a sufficient showing at this stage of the proceedings that it would likely make out a violation of the dormant commerce clause, as Plaintiff does not explain exactly how the Board's ruling, limited to dealers in Pennsylvania, would affect Triumph's nationwide distribution scheme.

Moreover, the Court also recognizes another factor weighing against finding that Plaintiff is <u>likely</u> to succeed on the merits of its due process claim is that <u>Younger</u> and <u>Pullman</u> abstention doctrines are implicated in this case. Although the Court need not decide whether abstention would be proper in this case at this juncture, the fact that Plaintiff would need to demonstrate why the Court should enjoin an ongoing state adjudicatory proceeding despite the teachings of <u>Younger</u> and <u>Pullman</u> also weighs against the Court finding that Plaintiff has demonstrated success on the merits.

**III. CONCLUSION**

The Court finds that Plaintiff is unlikely to succeed on the merits of its due process claim. Because Plaintiff has not shown success on the merits, the Court need not proceed to the other elements required to issue a temporary restraining order. See <u>Hoxworth v. Blinder, Robinson & Co.</u>, 903 F.2d 186, 197 (3d Cir. 1990). The Court therefore declines to issue a temporary restraining order enjoining the previously-scheduled administrative hearings on July 15 through July 18, 2013. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRIUMPH MOTORCYCLES (AMERICA) LTD.** | : |
|     Plaintiff | : |
| | :    No. 1:13-cv-01903 |
| v. | : |
| | :    (Chief Judge Kane) |
| **WORLDWIDE, INC., et al.,** | : |
|     Defendants | : |

# ORDER

**AND NOW**, on this 12th day of July 2013, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for a temporary restraining order (Doc. No. 2) is **DENIED**.

                                            s/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania